TRINETTE G. KENT (State Bar No. 222020)
3219 E Camelback Road, #588
Phoenix, AZ 85018
Telephone: (480) 247-9644
Facsimile: (480) 717-4781
E-mail: tkent@lemberglaw.com

Of Counsel to
Lemberg Law, LLC
43 Danbury Road
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile: (203) 653-3424

Attorneys for Plaintiff,
Matthew A. Cohen

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| Matthew A. Cohen, <br><br> Plaintiff, <br><br> vs. <br><br> Checkr, Inc. <br><br> Defendant. | Case No.: <br><br> **COMPLAINT FOR DAMAGES** <br><br> **FOR VIOLATIONS OF:** <br><br> 1. **THE FAIR CREDIT REPORTING ACT** <br><br> **JURY TRIAL DEMANDED** |

Matthew A. Cohen ( "Plaintiff"), by undersigned counsel, brings the following complaint against Checkr, Inc. ( "Defendant"), and alleges as follows:

## JURISDICTION

1. This action arises out Defendant's violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. (the "FCRA").

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district and/or where Defendant transacts business in this district.

## PARTIES

4. Plaintiff is an adult individual residing in Woodland Hills, California, and is a "person" as defined by 1 U.S.C. § 1 and15 U.S.C. § 1681a(b).

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) and 15 U.S.C § 1681a(c).

6. Defendant, Checkr, Inc. ("Checkr") is a business entity located in San Francisco, California, and is a "person" as the term is defined by 1 U.S.C. § 1 and 15 U.S.C. § 1681a(b).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

7. Since summer 2017, Plaintiff has been driving for Uber, an on-demand transportation company based in San Francisco, California.

8. Plaintiff relies on Uber to provide income.

9. In August 2018, Uber submitted Plaintiff's information to Defendant for a routine background screening report.

10. Defendant performed the background screening report, which included a criminal records search, and furnished the results to Uber.

11. Upon Uber's receipt of the report, Plaintiff was informed that his Uber driver account was suspended due to the fact that Plaintiff's driver's license was surrendered.

12. However, the information provided by Defendant to Uber was inaccurate.

13. As a result of this inaccuracy, Uber suspended Plaintiff.

14. Plaintiff disputed the report with Defendant, but Defendant furnished the same inaccurate report to Uber, which did not reverse the suspension.

15. In addition to having his Uber account suspended, which prevents Plaintiff from working, Plaintiff has suffered actual damages in the form of harm to reputation and emotional distress, including anxiety, frustration, embarrassment, and humiliation.

16. Defendant failed to take any steps to verify the accuracy of the information contained in Plaintiff's report before furnishing it to Uber.

17. At all times pertinent hereto, the conduct of Defendant, as well as that of its agents, servants and/or employees, was intentional, willful, reckless, and in grossly negligent disregard of federal law.

## COUNT I

## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT

18. Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

19. 15 U.S.C. § 1681e(b) provides that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."

20. In addition, 15 U.S.C. § 1681d(d)(3) provides that "a consumer reporting agency shall not furnish an investigative consumer report that includes information that is a matter of public record and that relates to an arrest, indictment, conviction, civil judicial action, tax lien, or outstanding judgment, unless the agency has verified the accuracy of the information during the 30-day period ending on the date on which the report is furnished."

21. Defendant violated §§ 1681e(b) and 1681d(d)(3) of the FCRA by failing to follow reasonable procedures to assure maximum accuracy of the information

contained in its report and by failing to verify the accuracy of the information contained in its report.

22. These failures directly caused Plaintiff's suspension from Uber, which has damaged Plaintiff.

23. As a result of Defendant's violations of §§ 1681e(b) and 1681d(d)(3) of the FCRA, Plaintiff is entitled to damages, costs, and attorneys' fees pursuant to 15 U.S.C. §§ 1681n and 1681o.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendant for:

A. Statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(B);

B. Actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

C. Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

D. Attorneys' fees and costs pursuant to 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2); and

E. Such other and further relief as may be just and proper.

COMPLAINT FOR DAMAGES

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED:  August 13, 2019              TRINETTE G. KENT

                                     By: */s/  Trinette G. Kent*
                                     Trinette G. Kent, Esq.
                                     Lemberg Law, LLC
                                     Attorney for Plaintiff, Matthew A. Cohen